WR-61,441-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/24/2015 5:03:10 PM
Accepted 11/25/2015 8:17:55 AM
ABEL ACOSTA
CLERK

**NO. 2001-CR-4920-W2**
**(TEXAS COURT OF CRIMINAL APPEALS NO. 61,441-02)**

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | **144TH JUDICIAL DISTRICT** |
| | § | |
| **RICHARD ANTHONY, JR.** | § | **BEXAR COUNTY, TEXAS** |

## OBJECTION TO DISTRICT COURT'S ORDER AND REQUEST TO SET THIS CASE TO BE HEARD BY THE TEXAS COURT OF CRIMINAL APPEALS

Now comes Applicant Richard Anthony, Jr., by and through counsel, and files this Objection to the District Court's Order and Request to Set this Case to be Heard by the Texas Court of Criminal Appeals. As good cause in support thereof, Applicant Richard Anthony, Jr. (sometimes referred to as "Mr. Anthony" or "Applicant") would respectfully show unto the Court as follows:

### I.
### The District Court's Description of Mr. Anthony's Argument is Incorrect Which in Turn Led the Court to Incorrectly Recommend Dismissal

The District Court's description of Mr. Anthony's argument in this subsequent writ is incorrect. The incorrect statement is the reason the District Court recommends a dismissal. Respectfully, if the Court had applied the facts to the law as it concerns Mr. Anthony's argument, the Court would have had hearing and/or ruled for Mr. Anthony.

## II.
## Application

The District Court stated in the Order: "The Court finds that Applicant's allegations in this writ application have been presented in his previously filed writ application." (Order, page 2). Hence, the Court dismissed the writ because article 11.07 § 4(a)(1) of the Texas Code of Criminal Procedure provides that claims brought in a subsequent writ are forbidden if they have been presented in a previous writ. *Id.* (citing Tex. Code Crim. Pro. Ann. art. 11.07 § 4(a)(1) (West 2012)). Respectfully, the District Court's conclusion is without merit because, as argued in this writ, Mr. Anthony argues he has received ineffective assistance of counsel in the plea bargain process, which included an offer of thirty to thirty-five years' imprisonment, as opposed to the fifty-year term he received after proceeding to trial without the knowledge that the plea offer had been made. (Memorandum in Support of Writ, pages 35-41).

This is not what was alleged in Mr. Anthony's first writ. As the District Court itself recognized in its Order: "Applicant previously argued [in his first writ] he received ineffective assistance of counsel based on counsel's presentation of a theory of self-defense which was not viable as a matter of law." (Order, page 2). Indeed, there is no mention in the first writ of any possible claim based on ineffective

2

assistance during the plea bargain process.  In fact, as discussed in the subsequent writ, this argument could not have been made in the first writ because ineffective assistance of counsel during the plea bargaining process is new law which has only recently been approved by the United States Supreme Court.  (Memorandum in Support of Writ, generally). In other words, the plea bargain claim is only in the second writ and no such argument, or reference thereto, either express or implied, was made in the first filing.  Therefore, the District Court's dismissal, or dismissal recommendation, is incorrect and this Court should rule accordingly.

WHEREFORE PREMISES CONSIDERED, Applicant Richard Anthony, Jr. respectfully files these objections to the Order of the District Court and requests that this case be placed on the docket of this Court to be heard.  Mr. Anthony also respectfully requests that he be awarded any other such relief to which he is entitled under the law and in equity.

Respectfully submitted,


  /s/ *James Scott Sullivan*
James Scott Sullivan
LAW OFFICES OF J. SCOTT SULLIVAN
22211 I.H. 10 West, Suite 1260
San Antonio, Texas   78257
Telephone:  (210) 227-6000
Facsimile:   (210) 399-4854
*Counsel for Applicant, Richard Anthony, Jr.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2015, a true and correct copy of the foregoing instrument was hand delivered to the Bexar County District Attorney's Office.


<u>       /s/ *James Scott Sullivan*       </u>
James Scott Sullivan